Lipscomb, J.
Títere is no question made about the regularity nor tlie rig-lit; to appeal from the judgment of a justice of the peace to the District Court, tinder the laws of the Republic of Texas, at the time this cause was carried by appeal to the District Court. The Constitution of the State made a provision for the exercise of the revising power on the part of (he District Court, not by an appeal, but by the use of some process issued by the District Court, or one of the judges thereof. (Titus v. Latimer, 5 Tex.' R., 433, and O’Brien v. Dunn, Id.. 570.) But it had not been supposed that there could be any doubt as to the competency of the court to retain and try all causes that had been taken into it by appeal before the adoption of the State Constitution. There was no essential change in the jurisdiction of the District Courts as they existed under the Republic and under the State Constitution. The only change that was made is in the mode of exercising the jurisdiction. It was, under the former, by an appeal; under the latter, by the issuance of a process from the court or by one of the judges. Had the Constitution made no express provision for causes already pending in the District Court, it would hardly have been presumed that it was intended that the change of Government should destroy the rights of parties already in court, when the court under its new organization liad jurisdiction of the subject-matter as amply as under'!he old.
But it is believed that it is not left to presumption. The last clause of the second section of the thirteenth article of the Constitution contains the following provision : “All suits at law and equity which may be depending in any of the courts of the Republic of Texas prior to the organization of "the State Government under this Constitution shall be transferred to the proper court of the State which shall have jurisdiction of the subject-matter thereof.” This provision ivas intended to provide for every case that should be pending in the courts when the change took place. If the Constitution had provided another jurisdiction for the trial of an appeal from a justice of the peace, the appeal pending at that time would bo sent to such tribunal for trial. But where no other had been created, and the District Court, under the new Constitution, liad jurisdiction of the subject-matter, no actual transfer would be necessary. It would be a transfer by the operation of the new organic law from the District Court of the Republic to the District Court of the State. It seems, then, that the court below erred in supposing that the District Court could not entertain jurisdiction of the case. It is a court of general jurisdiction over the subject-matter of the appeal, and was therefore the appropriate tribunal under the new Constitution for the trial thereof. The judgment of the court below dismissing the cause is reversed, and it is remanded to (lie court below.
Judgment reversed.